UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHINESE AMERICAN LEGAL DEFENSE ALLIANCE,<br>7901 Stoneridge Drive #208,<br>Pleasanton, CA 94588<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY,<br>1000 Independence Ave., S.W.,<br>Washington, DC 20585<br><br>*Defendant.* | Civil Action No.  22-1516 |

## COMPLAINT

1.      Plaintiff Chinese American Legal Defense Alliance (CALDA) (hereafter "Plaintiff" or "CALDA") brings this Freedom of Information Act judicial review against Defendant United States Department of Energy (hereafter "Defendant" or "DOE") to compel Defendant to produce the responsive records relating to the "China Initiative." Defendant has violated the Freedom of Information Act by failing to issue a determination within the statutory period, by failing to conduct a reasonable search, and by failing to produce the responsive, non-exempt records.

1

## PARTIES

2.   Plaintiff CALDA is a nonprofit organization registered in New Jersey and California with a principal place of business in California. CALDA made a FOIA request on November 15, 2021 and amended their request on April 18, 2022.

3.   Defendant DOE is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4.   This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question which confers jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5.   The venue is proper under 5 U.S.C. § 552(a)(4)(B).

## PLAINTIFF'S NOVEMBER 15, 2021 FOIA REQUEST

6.   On November 15, 2021, CALDA submitted a FOIA request to DOE for the following:

1) Any reports, training manuals or documents, policy directives, and emails to and from any American academic institutions including but not limited to administrators, employees, grant recipients or administrators, associated unions, and businesses or commercial entities working with academic intuitions; regarding the "China Initiative" and/or those records that relate to federal funding or grants and the following laws and/or their contents generally:
    a. 18 U.S.C. § 371 – Conspiracy
    b. 18 U.S.C. § 666 – Theft or bribery concerning programs receiving federal funds
    c. 18 U.S.C. § 1001 – Unlawful statements or entries generally
    d. 18 U.S.C. § 1343 – Wire Fraud
    e. 18 U.S.C. § 1512(c)(1)-(2) – Alteration, destruction, mutilation, or concealment of records; obstruction of official proceedings
    f. 18 USC § 1542 – False statement in application and use of passport
    g. 18 U.S.C. § 1546 – Fraud and misuse of visas, permits, and other documents
    h. 18 U.S.C. § 1831 – Economic espionage
    i. 18 U.S.C. § 1832 – Theft of trade secrets

2) All records pertaining to the agency's communications to or from American academic institutions, associations or groups representing academics, unions representing university or college staff and employees, businesses or academic activities on American academic institutions' campuses that include any of the following word combinations:
    a. "Chinese" and/or "China" + "Non-traditional collector(s)"
    b. "Chinese" and/or "China" + "Non-traditional Intelligence collector(s)"
    c. "Chinese" and/or "China" + "conflict(s) of interest(s)"
    d. "Chinese" and/or "China" + "conflict(s) of commitment(s)"
    e. "Chinese" and/or "China" + "Falsifying"
    f. "Chinese" and/or "China" + "Failing to report"
    g. "Chinese" and/or "China" + "Misleading statement(s)"
    h. "Chinese" and/or "China" + "Obscure(d) affiliation"
    i. "Chinese" and/or "China" + "Funding restriction(s)"
    j. "Chinese" and/or "China" + "Restriction(s) of fund(s)"
    k. "Chinese" and/or "China" + "Restriction(s) of funding"
    l. "Chinese" and/or "China" + "Restriction(s) to fund(s)"
    m. "Chinese" and/or "China" + "Restriction(s) to funding"
    n. "Chinese" and/or "China" + "Fraud"
    o. "Chinese" and/or "China" + "Defraud"
    p. "Chinese" and/or "China" + "Scheme to defraud"
    q. "Chinese" and/or "China" + "Scheme to conceal"
    r. "Chinese" and/or "China" + "Conceal(ing)"
    s. "Chinese" and/or "China" + "Conceal(ed)"
    t. "Chinese" and/or "China" + "Foreign support"
    u. "Chinese" and/or "China" + "Economic Espionage"
    v. "Chinese" and/or "China" + "Theft"
    w. "Chinese" and/or "China" + "Theft of trade secret(s)"
3) Records containing statistics or data concerning the number of instances or reports of grant fraud initiated per year, month or any other time period, as well as any statistics or data concerning race, ethnicity, and or the national origin of those involved in these instances or reports.
4) Records containing statistics or data concerning the race, ethnicity, and or the national origin of those targeted by currently open or closed investigations as part of the "china initiative" or violations of any of the federal laws listed above as part of request (1).
5) Records relating to the agency's expenditures, budget, allocation of funds, or other monetary distributions relating to the enforcement of the federal laws listed above as part of request (1), or laws, regulations, or rules relating to them or their general purpose.

Ex. 1.

7. The request originally sought records from November 2015 through the present. *Id.*

8. Defendant acknowledged receipt of the request on November 16, 2021 and assigned the request number HQ-2022-00153-F. Ex. 2.

9. On February 20, 2022, Plaintiff sent a request for an estimated completion date. Ex. 3. This request did not receive a response.

10. DOE referred part of the request to the DOE Office of the Inspector General (IG) on March 21, 2022. Ex. 4.

11. Plaintiff sent an estimated completion date request to the IG on March 21, 2022. Ex. 5.

12. DOE IG responded on March 22, 2022, saying that the IG had received the request and that "[t]he FOIA is currently in the search stage." They did not provide an estimated date of completion. *Id.*

13. Plaintiff amended and substantially narrowed its request on April 18, 2022, to limit the scope to electronic communications mentioning the "China Initiative," including attachments, between the Department of Justice, or Federal Bureau of Investigation and certain members of the Department of Energy. Plaintiff further narrowed the scope by limiting the timeframe to January 20, 2017, to the present. Ex. 6.

14. Defendant acknowledged the amended request on April 19, 2022. Ex. 7.

15. On April 19, 2022, Plaintiff again requested an estimated completion date to which Defendant has not responded. Ex. 8.

16. DOE also referred part of the request to the National Nuclear Security Administration (NNSA) on April 22, 2022. Ex. 9.

17. On May 3, 2022, NNSA acknowledged receipt of the amended request. Ex. 10.

18. As of the date of this filing, DOE has not complied with FOIA, has not responded to Estimated Completion Date requests, has not issued a determination, and has produced no records responsive to the amended request.

**COUNT I – DEFENDANT'S FAILURE TO ISSUE A DETERMINATION WITHIN THE STATUTORY PERIOD**

19. The above paragraphs are incorporated by reference.

20. The request seeks the disclosure of agency records and was properly made.

21. DOE is a federal agency and subject to FOIA.

22. Included within the scope of the request are one or more records or portions thereof that are not exempt under FOIA.

23. DOE has failed to issue a determination within the statutory deadline.

**COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH**

24. The above paragraphs are incorporated by reference.

25. The request seeks the disclosure of agency records and was properly made.

26. DOE is a federal agency and subject to FOIA.

27. DOE has failed to conduct a reasonable search for records responsive to the request.

**COUNT III – DEFENDANT'S FAILURE TO PRODUCE RECORDS**

28. The above paragraphs are incorporated by reference.

29. The request seeks the disclosure of agency records and was properly made.

30. DOE is a federal agency and subject to FOIA.

31. Included within the scope of the request is one or more records or portions thereof that are not exempt under FOIA.

32. DOE has failed to produce records responsive to the request.

## COUNT IV – DEFENDANT'S FAILURE TO PROVIDE ESTIMATED COMPLETION DATES

33. DOE has failed to respond to Estimated Completion Date requests.

**WHEREFORE**, CALDA asks the Court to:

   i. declare that DOE violated FOIA;

   ii. order DOE to conduct a reasonable search for records;

   iii. order DOE to issue a determination;

   iv. order DOE to promptly produce all non-exempt responsive records or portions of records;

   v. enjoin DOE from withholding non-exempt public records under FOIA;

   vi. order DOE to provide Estimated Completion Dates;

   vii. award CALDA attorneys' fees and costs; and,

   viii. award such other relief the Court considers appropriate.

Dated: May 30, 2022

RESPECTFULLY SUBMITTED,

/s/ C. Peter Sorenson
Attorney for Plaintiff
C. Peter Sorenson, DC Bar #438089
Sorenson Law Office
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com